UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| KENNETH SLETTEN, an individual and former Trustee of The Navellier Series Fund,<br><br>Plaintiff,<br><br>vs.<br><br>THE NAVELLIER SERIES FUND, a Delaware Business Trust; and THE AGGRESSIVE SMALL CAP EQUITY PORTFOLIO of the NAVELLIER PERFORMANCE FUNDS, a Delaware Business Trust,<br><br>Defendants. | 03:00-CV-0167-LRH (VPC)<br><br>ORDER |

Before the court is Plaintiff Kenneth Sletten's motion to enforce liability on supersedeas bond (#347). Defendants, the Navellier Series Fund and the Aggressive Small Cap Equity Portfolio of the Navellier Performance Funds, oppose Plaintiff's motion and seek a stay of enforcement (#354). Plaintiff has filed a reply on this issue (#357).

This matter arises out of litigation between Plaintiff and Defendants which has been ongoing for years. The history underlying the litigation, however, is irrelevant to the present motions. The Ninth Circuit Court of Appeals has recently concluded a series of appeals in the underlying litigation. In an unpublished opinion, the Ninth Circuit effectively upheld this court's prior entry of judgment against Defendants. *Sletten v. Navellier Series Fund*, No. 03-16030 (9th Cir. March 22, 2006); *Sletten v. Navellier Series Fund*, No. 05-16126 (9th Cir. March 22, 2006); *Sletten v. Navellier Series Fund*, No. 05-16336 (9th Cir. March 22, 2006). Plaintiff now seeks an

order, pursuant to Federal Rule of Civil Procedure 65.1, to enforce liability against the supersedeas bond Defendants have posted pending appeal.

Defendants object and request this court stay enforcement against the bond. The basis for Defendants' stay request is their application for a Writ of Certiorari from the United States Supreme Court. According to Defendants, equitable concerns dictate that this court stay the enforcement of the supersedeas bond pending Defendants' writ application. The court disagrees.

The court's authority to issue a stay at this juncture of the proceedings, if it has such authority, would be rooted in 28 U.S.C. § 2101(f). This statute provides that in any case in which the final judgment or decree of any court is subject to review by the Supreme Court the execution and enforcement of such judgment or decree may be stayed to enable the party to obtain the necessary writ. The "stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court." 28 U.S.C. § 2101(f).

While there is no Ninth Circuit case law directly dealing with whether the above quoted portion of section 2101(f) divests jurisdiction from a district court when it is a circuit court opinion which is being appealed, the available authority from sister circuits persuades this court that such a result is in fact correct. *See In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982) (per curiam) (noting court's belief that a stay pursuant to section 2101(f) may only be entered by a Supreme Court Justice or a Justice of the Circuit Court which issued the opinion); *Hovater v. Equifax Services, Inc.*, 669 F.Supp. 392, 393 (N.D. Ala. 1987) (determining that only the Supreme Court or the Circuit Court can effectuate a stay of a Circuit Court mandate); *Gander v. FMC Corp.*, 733 F.Supp. 1346, 1347 (E.D. Mo. 1990) (providing that any stay issued by the district court during the pendency of an appeal expires upon the mandate of the Circuit Court and that any new stay can only be issued by the Circuit Court or the Supreme Court). The court agrees that its previous stay, entered pursuant to Federal Rule of Civil Procedure 62(d), expired when the Ninth Circuit issued its mandate. Further, the only authority to issue a stay pending appeal to the Supreme Court arises out of 28 U.S.C. § 2101(f) which limits the authority to issue such a stay to "a judge of the court rendering the judgment or decree or by a justice of the Supreme Court." The court agrees that this language excludes the district courts from issuing

such a stay. If Defendants desire a further stay of execution in this matter, it is the Ninth Circuit or the Supreme Court which must issue the order, not this court.

Further, even if this court had the authority in equity to issue a stay pending further appeal, the facts of this case would not warrant such action. The court's previous order was upheld in a unanimous unpublished opinion. No en banc review was had and there appears very little chance that a writ of certiorari will issue. Weighing these factors against the potential that the bond will be enforced prior to the Supreme Court overruling both the Ninth Circuit and this Court, leads the court to conclude that equity does not require a further stay. The chances of success on Defendants' part are too remote to risk the further harm to Plaintiff that will occur.[1]

Having determined Defendants' objections to enforcement of the supersedeas bond are without merit, the court notes that enforcement is authorized and proper under Federal Rule of Civil Procedure 65.1.

It is therefore ORDERED that Plaintiff's motion to enforce liability on supersedeas bond (#347) is GRANTED.

Hartford Fire Insurance Company shall immediately satisfy the full amount of the bond in favor of Plaintiff.

DATED this 9th day of August, 2006.

_____
LARRY R. HICKS
United States District Judge

---

[1] The judgment in this matter has now likely exceeded the full amount of the bond. Further, it appears that the bond is, at this time, the only means of recovery available to Plaintiff. The longer enforcement of the bond is delayed, the greater the amount of damage to Plaintiff which is likely to be unrecoverable.