UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| KENNETH SLETTEN, an individual and former Trustee of The Navellier Series Fund,<br><br>Plaintiff,<br><br>vs.<br><br>THE NAVELLIER SERIES FUND, a Delaware Business Trust; and THE AGGRESSIVE SMALL CAP EQUITY PORTFOLIO of the NAVELLIER PERFORMANCE FUNDS, a Delaware Business Trust,<br><br>Defendants. | 03:00-CV-0167-LRH (VPC)<br><br>ORDER |

Presently before the court Plaintiff Kenneth Sletten's motion to exonerate preliminary injunction bond (#361[1]). Defendants, the Navellier Series Fund and the Aggressive Small Cap Equity Portfolio of the Navellier Performance Funds, have filed an opposition (#364), to which Plaintiff has replied (#365).

This matter arises out of litigation between Plaintiff and Defendants which has been ongoing for several years. As part of that litigation, on May 27, 2003, the court granted a preliminary injunction against Defendants upon the posting of a three hundred thousand dollar ($300,000) bond by Plaintiff. That order, along with several others, was appealed to the Ninth Circuit.

The Ninth Circuit, in an unpublished opinion, upheld many of this court's prior orders.

---

[1] References to (#XX) refer to the court's docket.

1  However, in that opinion the Ninth Circuit noted that the preliminary injunction had been
2  improperly entered.  It also noted, though, that its review of the record suggested that the
3  improper injunction caused no harm to fall upon Defendants.  *Sletten v. Navellier Series Fund*,
4  No. 03-16030 (9th Cir. March 22, 2006); *Sletten v. Navellier Series Fund*, No. 05-16126 (9th
5  Cir. March 22, 2006); *Sletten v. Navellier Series Fund*, No. 05-16336 (9th Cir. March 22, 2006).
6  Defendants then sought a writ of certiorari from the United States Supreme Court.  That request
7  was ultimately denied.  Throughout this series of events, Plaintiff has maintained the original
8  bond, paying the necessary premiums to keep it in effect.  Plaintiff now requests the court
9  exonerate the original bond.
10      When a preliminary injunction has been wrongly issued, the enjoined party may recover
11 on the bond posted in support of the injunction to the extent the enjoined party can prove
12 damages actually and proximately resulting from the effect of the injunction itself.  *See Nintendo*
13 *of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) (party is entitled
14 to recover provable damages); *Matek v. Murat*, 862 F.2d 720, 733 (9th Cir. 1988), *abrogated on*
15 *other grounds*, *Holden v. Hagopian*, 978 F.2d 1115 (9th Cir. 1992) (damages not proper simply
16 because injunction was improperly granted); *Sionix Corp. v. Moorehead*, 299 F.Supp.2d 1082,
17 1086 (S.D. Cal. 2003).  Plaintiff argues that there is no actual harm that can be proven.  In
18 response, Defendants argue that they have been actually damaged by the injunction and that they
19 plan to file to recover those damages should their writ of certiorari be denied.[2]
20      The court has reviewed the purposes behind requiring a surety to issue in conjunction
21 with a preliminary injunction, the opinion of the Ninth Circuit which found the injunction
22 improper but questioned the existence of damages, the relative arguments of the parties, and
23 Defendants' assertions that there are, in fact, compensable damages to be had based on the
24 issuance of the injunction.  Taking these considerations into account, the court concludes that

---

26  [2] Defendants filed their opposition on September 15, 2006.  Certiorari was denied on
27 October 16, 2006.  Defendants have filed no motion to enforce the surety since certiorari was
denied, nor any update to their opposition based on the denial despite the fact that approximately
28 two months have passed.

1 exoneration of the bond is appropriate in this matter.  Defendants have provided the court with
2 no showing that actual damages occurred aside from the unsupported recitations of counsel.
3 Further, the court sees no reason to continue requiring the bond given the ultimate success of
4 Plaintiff in the underlying litigation.  Accordingly, the court deems any presumption that
5 recovery on the bond is appropriate to be dispelled by the fact that no damages can be shown and
6 that Plaintiff ultimately prevailed on the merits.

It is therefore ORDERED that Plaintiff's motion to exonerate preliminary injunction bond (#361) is GRANTED.

Plaintiff shall no longer be required to keep the previously required bond in effect throughout these proceedings.

DATED this 14th day of December, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE